# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| WARREN DAVENPORT and SATURIA DAVENPORT, <br><br> Plaintiffs, <br><br> v. <br><br> SAMUEL I. WHITE, PC, <br><br> Defendant. | Civil Action No. TDC-16-0785 |

## MEMORANDUM ORDER

On March 17, 2016, Plaintiffs Warren and Saturia Davenport ("the Davenports"), who are proceeding in this action *pro se*, filed a Complaint together with a Motion for Leave to Proceed In Forma Pauperis. ECF Nos. 1 & 2. Based on the information the Davenports provide in that Motion, they appear to be indigent. That Motion will therefore be granted. *See* 28 U.S.C. § 1915(a)(1) (2012) (authorizing indigent parties to proceed "without prepayment of fees"). Because the Davenports are proceeding *in forma pauperis*, this Court is required under 28 U.S.C. § 1915(e)(2)(B) to conduct an initial review of their Complaint. The Davenports indicate in their Complaint that this Court has jurisdiction over this case because the case presents a question of federal law. A review of the Complaint, however, reveals that the Davenports' Complaint does not present any federal question, so this Court lacks subject matter jurisdiction over this case.

In the Complaint, the Davenports ask this Court to enjoin eviction proceedings stemming from an underlying foreclosure action pending against them in the Circuit Court for Prince George's County, Maryland. The Davenports base this request on their assertion that the foreclosure was fraudulent and offer as evidence of this fraud a number of filings from the state

court proceeding. They also ask this Court to "order[] the defendant to 'exhibit the note' according to the 'UCC'" and to "stop the eviction until the lender can prove [it has the] interest and rights to foreclose and evict." Compl. at 2-3. They have filed these claims in this Court against Defendant Samuel I. White, PC ("White"). However, in the state court action, White is not a party, but is instead the law firm representing the purchaser of the foreclosed property. *See* Compl. Ex. D (Attorney for Purchaser's Affidavit); *Azzam v. Davenport*, Case No. CAE13-15853 (Cir. Ct. Prince George's Co.) (listing White on the docket under "Attorney Information"), *available at* http://casesearch.courts.state.md.us.[1]

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). "A court is to presume, therefore, that a case lies *outside* its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (emphasis in original) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The "burden of establishing subject matter jurisdiction is on ... the party asserting jurisdiction," here, the Davenports. *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010). The facts establishing the existence of this Court's subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)).

Here, the facts the Davenports plead in their Complaint do not carry that burden. In the Complaint itself, the Davenports identify no federal right or federal statute that they allege has been violated. They assert only that there was fraud in the foreclosure action and ask this Court

---

[1] The Court takes judicial notice of these proceedings pursuant to Fed. R. Evid. 201(b)(2).

to enforce provisions of the Uniform Commercial Code ("U.C.C."). No matter how these allegations are parsed, they do not present any question of federal law. Construed as a challenge to the foreclosure action, the case is outside this Court's jurisdiction for two reasons. First, the question of the disposition of the foreclosed property is already before the state court and that court's jurisdiction over that property is therefore exclusive. *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939) (explaining that in suits involving real property, "the court first assuming jurisdiction" over that property is the court that is to "maintain and exercise that jurisdiction to the exclusion of" another, later court). Second, a routine foreclosure of a private residence initiated under state law, as is the case here, simply does not raise a federal question. *Simpson v. Simpson*, Civ. No. 3:11CV576-MOC-DSC, 2012 WL 1021773 at *2 (W.D.N.C. Feb. 7, 2012) ("Foreclosure actions brought under state law do not give rise to federal question subject matter jurisdiction."). Construed as an allegation of fraud, the Davenports' case is a state common law tort action. *See, e.g. Sass v. Andrew*, 832 A.2d 247, 260 (Md. Ct. Spec. App. 2003) (noting that a fraud claim is a "common law" action). Construed as an action under the U.C.C., it is also only a state claim. The U.C.C. is a model code that has no legal effect in and of itself. It has force in Maryland only because it has been codified as the Commercial Law. *See* Md. Code Commercial Law § 1-103. *See also Hartford Fire Ins. Co. v. Maryland Nat. Bank, N.A.*, 671 A. 2d 22, 32 (Md. 1996) (referencing "Maryland's adoption of the UCC").

The only references to federal law arguably contained in the Complaint are citations to two federal statutes in one of the exhibits to the Complaint, a "Motion to Void the Sale of Property and Dismiss the Foreclosure an[d] Eviction Action" filed by the Davenports in the state proceedings. As noted above, however, the defendant in the present action, White, was not a party to the foreclosure action but was instead the law firm representing the purchaser of the

foreclosed property. Thus, there is no plausible basis to construe references to federal law in a state court motion filed against a different party in state court to assert a federal claim against White in this case. Moreover, the references in the state court motion cannot be read to state a plausible federal claim against anyone. In that motion, the Davenports reference 12 U.S.C. § 226 for the proposition that "a servicer does not have the rights of a lender if it acquired the note for the purpose of administration," Compl. Ex. C. at 2, but 12 U.S.C. § 226 merely states that the "short title" for that statutory subchapter is the "Federal Reserve Act," a statute that provides for the creation of a nationwide banking and currency system and which is wholly inapplicable here. *See* 12 U.S.C. § 222. Likewise, the reference in the state court motion to 15 U.S.C. § 1692, which sets out the Congressional findings and declaration of purpose for the Federal Debt Collection Practices Act ("FDCPA"), is framed not as a claim, but as a question whether any of the parties to the foreclosure action are "acting in capacity of debt collector as governed under 15 U.S.C. § 1692?" *Id.* at 3 (question mark in original). Thus, no part of the Complaint states a federal claim against the defendant in this case. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that "[d]istrict judges are not mind readers" and therefore cannot be expected to "construct full-blown claims" based on insufficient factual allegations).

Finally, to the extent the Davenports seek to enjoin the state court eviction proceedings, this Court also may not hear their claims. Under the federal Anti-Injunction Act, a federal district court may not grant "an injunction to stay the proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. None of those situations is present here.

Accordingly, it is hereby ORDERED that:

1. The Davenport's Motion to Proceed In Forma Pauperis, ECF No. 2, is GRANTED;

2. The Complaint IS DISMISSED without prejudice for lack of subject matter jurisdiction;

3. The Clerk SHALL MAIL a copy of this Order to Warren and Saturia Davenport; and

4. The Clerk SHALL CLOSE this case.

Date: April 28, 2016

THEODORE D. CHUANG
United States District Judge